**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Victor C. Matthews,   Case No. 3:09CV1414

    Plaintiff

v.   **ORDER**

U.A.W. Local 1435, Region 2B,

    Defendant

This is a suit by a former Chrysler employee and member of U.A.W. Local 11432 arising from the union's May 29, 2008 withdrawal, without plaintiff's permission, of three grievances.[1]

Plaintiff alleges in Count 1 that withdrawal constituted a breach of the duty of fair representation. Count 2 alleges the withdrawal was racially discriminatory. Count 3 alleges the withdrawal was based on retaliation for exercising his right to be free of discrimination.

Plaintiff represents in answers to interrogatories that he learned of the withdrawal in July, 2008.

---

[1] The grievances were for: 1) intimidation, discrimination, harassment and equal application of the collective bargaining agreement relating to a meeting with a Chrysler Labor Representative (filed February 15, 2007); 2) overtime (filed April 21, 2008); and 3) relating to the company's employee buyout offer to plaintiff (filed July 31, 2008).

The union processed the intimidation and buyout grievances through the third step of the grievance procedure. The union then determined that the grievances did not merit further processing because, in the union's view, plaintiff could not succeed in his claims.

With specific reference to the buyout-related grievance, the union learned that plaintiff, after seeking to revoke an earlier acceptance of the company's offer, had re-submitted his application and Chrysler had the original application. The union also determined that plaintiff's effort thereafter to withdraw his re-submitted application had been untimely.[2]

As part of its investigation of the buyout-related grievance, the union investigated and found no merit in plaintiff's contention that the company had allowed other employees to revoke their applications after the deadline. The union found that the company had rejected untimely attempts to revoke.

Pursuant to the Local 1435's by-laws and the International Union's constitution, plaintiff had sixty days after he learned the union had dropped his grievances to appeal to the Local Union. He did not do so. He also could have appealed to the International Union's Executive Board, the Convention Appeals Committee or the Public Review Board. He did not appeal. Had he done so, and been successful at any level, either the union would have reinstated the grievances or money damages could have been awarded .

Pending is the union's motion for summary judgment. [Doc. 28]. For the reasons that follow, I grant the union's motion.

## Discussion

---

[2] In separate litigation with the company, plaintiff acknowledges receiving his buyout check. *See Matthews v. Chrysler Group LLC,* 3:09CV2213 (N.D. Ohio) [Doc. 27, at 3] ("The evidence is undisputed that defendant processed Matthews' [buyout] application and issued Matthews the buyout payment on April 30, 2008.").

### 1. Claim For Breach Of The Duty Of Fair Representation

Under 29 U.S.C. §160(b) and *DelCostello v. Int'l Bhd of Teamsters*, 462 U.S. 151, 155 (1983), a union member must file his federal court complaint for breach of the duty of fair representation within six months of when he "discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged violation." *Robinson v. Central Brass Mfg. Co.*, 987 F.2d 1235, 1239 (6th Cir. 1993).

Though plaintiff learned in July, 2008, that the union had withdrawn his grievances, he did not file suit until June 22, 2009, almost a year later.

The defendant is entitled to summary judgment on plaintiff's duty of fair representation claims.[3]

### 2. Claims of Discrimination and Retaliation

The only evidence plaintiff offers in support of his claims that the union withdrew his grievances on the basis of his race and to retaliate for his exercise of protected rights is a copy of an OCRC finding of probable cause.

This, without more proof of improper motivation, is not sufficient to withstand summary judgment. As my colleague, Judge Jack Zouhary, stated in *Muir v. Chrysler*, 563 F. Supp. 2d 783, 787 (ND Ohio 2008):

> The factual record before the Court controls its adjudication of the merits, not the conclusory finding contained in the EEOC letter. . . . Without any record of the EEOC analysis or the information upon which it relied, its finding alone does not bind or persuade the Court and falls short of creating a genuine issue of material fact.

---

[3] Defendant also seeks dismissal on the basis of plaintiff's failure to exhaust his internal union remedies. In light of my decision to grant summary judgment on the basis of plaintiff's untimely filing of his complaint, I do not reach this issue.

To be sure, the probable cause determination by the OCRC references some facts. But the report contains no analysis.

Were there to be a trial, plaintiff might be able to introduce the report. *Chandler v. Roudebush*, 425 U.S. 840, 863 n. 39 (1976); *but see Alexander v. CareSoure*, 576 F.3d 551, 562 (6th Cir. 2009) (noting prior authority allowing district court to adopt blanket rule against admitting EEOC/OCRC reports).

The issue here, however, is whether, absent any other evidence of improper motivation, the OCRC report suffices to get the case to the jury.

It does not. As the Sixth Circuit noted in *E.E.O.C. v. Ford Motor Co.*, 1996 WL 557800, *10 (6th Cir.) (unpublished disposition), "an EEOC cause determination carries an evidentiary value of practically zero."

## Conclusion

In light of the foregoing, it is

ORDERED THAT defendant's motion for summary judgment (Doc. 28) be, and the same hereby is granted.

So ordered.

/s/ James G. Carr
Sr. United States District Judge